UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARREL WAYNE MILLER                                   CIVIL ACTION

VERSUS                                                NUMBER: 13-6795

TOMES HOOKER, ET AL.                                  SECTION: "F"(5)

### REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of Defendant, Suzanne Jolissaint ("Jolissaint").  (Rec. doc. 18).  Plaintiff has filed no memorandum in opposition to Defendant's motion.[1/]  For the reasons that follow, it is recommended that Defendant's motion be granted.

Plaintiff is an inmate of the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana.  Named as Defendants in the above-captioned complaint which Plaintiff brought pursuant to 42 U.S.C. §1983 are Jolissaint, who is described as a Forensic Investigator in the present motion; Deputies Timothy Hooker, Jordan Burst, David Dalton, and Cory Porche; and, Detective Thomas Gal, all of the Jefferson Parish Sheriff's Office.[2/]  In his statement of

---

[1/]  As Plaintiff has filed no opposition to Defendant's motion, timely or otherwise, the Court may properly assume that he has no opposition to it.  See Local Rule 7.5; *Bean v. Barnhart*, 473 F. Supp. 2d 739, 741 (E.D. Tex. 2007).
[2/]  As reflected by the motion for extension of time that he previously filed in this case, Deputy Hooker's first name is actually Timothy as opposed to Tomes.  (Rec. doc. 5).

claim herein, Plaintiff alleged that "JPCC" housed him in a one-person cell knowing that he had scissors in his possession; that "they" gave him medication that he is allergic to; and, that "one of the officers" kept threatening to kill him. (Rec. doc. 2, p. 5). In his prayer for relief, Plaintiff sought his release from jail and the dismissal of the charges against him, two million dollars in monetary damages, and the release of and dismissal of the charges against his brother-in-law, Jeremy Nelson. (*Id*.). Plaintiff's prayer for relief also includes the additional allegations, all stemming from the circumstances surrounding his arrest on September 19, 2012, that Jolissaint punched him on his right side at that time; that Deputy Dalton told him that people like him should be killed; that Deputy Burst forced Plaintiff to the ground and injured his back and left knee instead of simply asking Plaintiff to assume a prone position; that Detective Gal failed to advise Plaintiff of his constitutional rights and threatened to take his children away if he did not say what the officer wanted to hear; and, that Deputy Porche also failed to advise Plaintiff of his rights but instead subjected him to verbal abuse. (*Id.*).

By way her of her present motion, Jolissaint moves for the dismissal of Plaintiff's excessive force §1983 claim against her on the basis of prescription. Jolissaint argues that the face of Plaintiff's complaint reveals that he was arrested on September 19, 2012 yet he did not sign the complaint until over one year later on December 10, 2013. (Rec. doc. 2, pp. 3 and 6).[3/]

---

[3/] In her motion, Jolissaint argues that the correct date of plaintiff's arrest was actually September 20, 2012. (Rec. doc. 18, p. 1, n. 1). As Jolissaint offers nothing outside of the pleadings in support of that assertion, the Court need not formally convert her motion to one for summary judgment as Rule 12(d) directs. As correctly noted by Jolissaint, that one-day difference has no bearing on the outcome of her motion.

2

Because 42 U.S.C. §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C. Art. 3492; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). The prescriptive period begins to run from the moment the plaintiff knows or has reason to know of the injury that forms the basis of his complaint. *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). "A claim for excessive force and wrongful arrest accrues when the plaintiff has knowledge of those events." *Dixon v. Town of Simmesport*, No. 13-CV-0050, 2013 WL 3167914 at *2 (W.D. La. June 20, 2013)(citing *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998)).

In light of the foregoing authorities, Plaintiff's §1983 excessive force claim against Jolissaint is clearly prescribed and should be dismissed as such as totally lacking in facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009). Similarly, Plaintiff's §1983 allegations against four of the five remaining specifically named defendants, those being Dalton, Burst, Gal, and Porche, all center on events which occurred on the date of his arrest and are equally prescribed. Even though those four defendants did not join in Jolissaint's motion, the fact that Plaintiff is proceeding *in forma pauperis* herein pursuant to 28 U.S.C. §1915 (rec. doc. 3) allows - indeed obligates - the Court under 28 U.S.C. §1915A(b)(1), to dismiss those untimely claims as being frivolous and for failing to state a claim upon which relief can be granted under §1915(e)(2)(B)(i) and (ii). *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). It will be so recommended.

With the recommended dismissal of Plaintiff's §1983 claims against Jolissaint, Dalton, Burst, Gal and Porche, that leaves only one defendant remaining before the Court in this lawsuit, Deputy Timothy Hooker. As noted above, in his complaint, Plaintiff alleged that "JPCC" had inappropriately housed him in a one-person cell, that "they" were giving him the wrong medication, and that "[o]ne of the officers . . ." kept threatening to kill him. None of those allegations, however, are specifically directed to Hooker. A plaintiff in a §1983 action must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Circ. 1983).

In the absence of any specific allegations delineating any personal involvement on the part of Hooker, there is simply no basis upon which to hold him liable here. The Court also notes that decisions respecting the classification and housing of inmates are entrusted to jail officials in the first instance, *Woods v. Edwards*, 51 F.3d 577, 581-82 (5th Cir. 1995), that deliberate indifference as opposed to mere negligence in the provision of medication is not alleged with particularity here, *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and that mere threatening language or gestures by prison officials, even if true, does not rise to the level of a constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert denied*, 464 U.S. 998, 104 S.Ct. 499 (1993). With respect to the species of relief sought by Miller, injunctive relief in the form of the dismissal

4

of the charges against him and his release from imprisonment must first be sought on habeas corpus grounds but only after he has exhausted available state court remedies. *Mills*, 837 F.2d at 679-80.  The other form of relief, compensatory damages, is unavailable here as 42 U.S.C. §1997e(e) bars recovery of monetary relief for mental or emotional damages without a prior showing of physical injury.  *Richard v. Cupp*, No. 08-CV-1544, 2009 WL 840218 at *6 (W.D. La. March 25, 2009).  Feelings of fear and anxiety do not qualify as physical injuries under §1997e(e).  *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001).  For all these reasons, it will be recommended that plaintiff's purported claims against Deputy Hooker be dismissed with prejudice under §1915(e)(2)(B)(i) and (ii) as well.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Rule 12(b)(6) motion to dismiss of defendant, Susan Jolissaint, be granted and that plaintiff's claim against her be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that plaintiff's claims against the remaining defendants be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

                                                MICHAEL B. NORTH
                                       UNITED STATES MAGISTRATE JUDGE